CLEVELAND D. FISHER *et al.*, Appellants, *v.* MARY C. D. FISHER *et al.*, Respondents.

*Court of Appeals, January* 20, 1892.

1. *Evidence. Section* 834.—The prohibition of section 834 of the code applies only to information the physician acquires in attending the patient in a professional capacity, and not to information obtained by him in any other way.
2. *Same.*—His testimony is competent, if confined to such knowledge or information as he had obtained of the party by seeing her when she was not his patient.

Appeal from judgment of the supreme court, general term, second department, affirming judgment adjudging a deed to be fraudulent and void.

*Martin J. Keogh*, for appellants.

*Isaac N. Mills*, for respondents.

EARL, J.—This is an action of partition brought by the plaintiffs to partition lands alleged in the complaint to belong to the parties to the action as tenants in common. The main controversy upon the trial was over a deed executed by Eliza Fisher on the 11th day of April, 1888. The title of the plaintiffs' and of some of the defendants to a portion of the lands sought to be partitioned depended upon the validity of that deed. Some of the defendants claimed that it was procured by fraud and undue influence, and that therefore it was void and inoperative. Upon that question considerable evidence was given upon both sides; and the trial judge found that the deed was procured by improper influence and that therefore it was void and inoperative.

We have carefully scrutinized the evidence and see no reason to doubt that the conclusion of the trial judge was abundantly supported and that his judgment thereon should not be disturbed.

There were no facts or circumstances in the case which estopped the parties assailing that deed from claiming its invalidity.

Upon the trial Doctor Curtis was called to give evidence as to the mental condition of Eliza Fisher at or about the time when she executed the deed. It appeared that he had attended and prescribed for her professionally, and that he had also seen her at various times when he was not in attendance upon her for the purpose of treating her professionally. He was asked various questions as to her mental condition, excluding from his mind in answering the questions any knowledge or information which he had obtained as to her condition while acting as her medical attendant, and confining his answers to such knowledge and information as he had obtained of her by seeing her when she was not his patient.

42

Counsel for the plaintiffs objected to the competency of the witness under § 834 of the Code. The court overruled the objection, and the witness was permitted to answer, and he gave material evidence as to the mental condition of Eliza Fisher. In this there was clearly no error. Edington *v.* Ætna Ins. Co., 77 N. Y. 564; People *v.* Schuyler, 106 Id. 304; 8 St. Rep. 860; Hoyt *v.* Hoyt, 112 N. Y. 515; 21 St. Rep. 593. The prohibition of that section applies only to information the physician acquired in attending the patient in a professional capacity, and it does not apply to information obtained by him in any other way.

The judgment should be affirmed, with costs.

All concur.

---

### NOTE.

See note in 1 Sil. (Sup. Ct.) 252; Henry *v.* N. Y., L. E. & W. R. R. Co., 57 Hun, 76; Matter of Darragh, 52 Hun, 591; Matter of Coleman, 111 N. Y. 220; Loder *v.* Whelpley, Id. 239; Herrington *v.* Winn, 60 Hun, 235; Feeney *v.* L. I. R. R Co., 116 N. Y. 375; People *v.* Brower, 53 Hun, 217; People *v.* Kemmler, 119 N. Y. 580; Marx *v.* Man. R. Co., 56 Hun, 575; Hoyt *v.* Hoyt, 112 N. Y. 493; Mason *v.* Williams, 53 Hun, 398; Alberti *v.* N. Y., L. E. & W. R. R. Co., 118 N. Y. 77; Pandjiris *v.* McQueen, 59 Hun, 625; Van Orman *v.* Van Orman, 58 Id. 606; Treanor *v.* Man R. Co., 41 N. Y. St. Rep. 614; Patten *v.* United L. & A. Ins. Ass'n, Id. 434.